UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

PATRICIA M. WHITE
407 Woodland Heights Terrace
Rhinelander, WI 54501-3671

    Plaintiff

     v.                                                          CIVIL NO.:

NCO FINANCIAL SYSTEMS, INC.
507 Prudential Road
Horsham, Pennsylvania 19044

    Defendant.

---

## COMPLAINT

---

COMES NOW the plaintiff, Patricia M. White, by her attorneys P. Jeffrey Archibald and Ivan J. Hannibal, Archibald Consumer Law Office, and for her complaint against the defendants, alleges as follows:

### I. PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), and Wisconsin's Fair Debt Collection Practices Act, Wis. Stat. § 427.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here, the plaintiff resides here, and the conduct complained of occurred here.

### III. PARTIES

2. Plaintiff, Patricia White ("White"), is a natural person residing at 407 Woodland Heights Terrace, Rhinelander, WI.

3. White is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant, NCO Financial Systems, Inc. ("NCO") is a corporation engaged in the business of collecting debts in Wisconsin, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044. NCO's registered agent for service of process in Wisconsin is CT Corporation System, 8040 Excelsior Dr., Suite 200, Madison, WI 53717.

5. NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### IV. FACTUAL ALLEGATIONS

6. On or about March 30, 2007, White received a faxed letter from NCO stating that NCO was attempting to collect a debt.

7. White sent a letter dated April 2, 2007 to NCO, via certified U.S. mail in which White told NCO that she disputed the debt and requested verification of the debt. White asked that NCO "stop contacting me about this or any other matter; except to provide me with proof that I owe what you say **or** to notify me that you are dismissing this matter with prejudice and without costs." (Letter attached as Exhibit 1)

8. NCO received White's April 2, 2007 letter on April 6, 2007. (Certified receipt attached as Exhibit 2)

9. White sent another letter dated May 21, 2007 to NCO, via certified U.S. mail in which White told NCO that she had retained Lynch Financial Solutions, Inc. ("Lynch Financial") to resolve the disputed debt. (Letter attached as Exhibit 3) White also again requested that NCO "cease and desist all contact with myself [sic] and direct all further phone calls, correspondence, and collection efforts to Lynch Financial Solutions, Inc. PLEASE TAKE NOTICE that I am unable to receive any personal phone calls at my place of employment." White provided NCO with Lynch Financial's mailing address, and toll-free phone and fax numbers to allow NCO to contact Lynch Financial about resolving the debt.

10. NCO received White's May 22, 2007, letter on May 24, 2007. (Certified receipt attached as Exhibit 4)

11. On or about June 11, 2007, a person identifying himself as Darnell Douglas ("Douglas") called White.

12. Douglas said he was part of the "NCO attorney network" and wanted to discuss the debt and "lawsuit." White told Douglas that she did not want to discuss the matter with him. White said that she would convey the information to Lynch Financial. But Douglas said that he could only discuss the matter with White directly. White again said that she could not discuss the matter with Douglas. Douglas replied "have fun fighting this in court."

13. On or about June 18, 2007, Douglas called White again and left a voice message.

14. NCO faxed another letter to White, on or about June 18, 2007. The letter attempted to collect the disputed amount from White. (Letter attached as Exhibit 5)

15. White sent a letter dated June 19, 2007, via certified U.S. mail, in which White again asked that NCO not contact her about the debt, except with proof that she owed the underlying debt, or to notify her that NCO would dismiss the matter with prejudice and without costs. White also again requested verification of the underlying debt. (Letter attached as Exhibit 6)

3

16. NCO received the letter dated June 19, 2007, on June 25, 2007. (Certified receipt attached as Exhibit 7)

17. On or about September 28, 2007, a person identifying himself as David Thompson ("Thompson") called White.

18. Thompson said he was calling on behalf of the "NCO pre-legal department." Thompson asked White if she planned to pay NCO. White replied that she was not sure, and that she was planning to consult a lawyer about what to do.

## V. FIRST CLAIM FOR RELIEF
(Violations of FDCPA; 15 U.S.C. § 1692)

19. Plaintiff realleges paragraphs 1-18 above.

20. 15. U.S.C. § 1692c(c) provides, in relevant part, that:

> Ceasing communication—If a consumer notifies a debt collector in writing that the consumer . . . wishes the debt collector to cease further communications with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

21. 15 U.S.C. § 1692d provides, in relevant part, that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

22. 15 U.S.C. § 1692e provides, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

4

23. NCO repeatedly contacted White, after she notified NCO in writing that she no longer wished NCO to cease further communications with her, in violation of 15 U.S.C. 1692c.

24. As described above, NCO employed harassing, oppressive, and abusive methods in attempting to collect the debt from White, in violation of 15 U.S.C. § 1692d.

25. NCO's collection agents represented themselves as being part of an "attorney network" or the "prelegal department," giving the false impression that the agent was an attorney, in violation of 15 U.S.C. § 1692e.

26. As a result of the above violations of the FDCPA, NCO is liable to the plaintiff for declaratory judgment that NCO's conduct violated the FDCPA, plaintiff's actual damages, statutory damages, costs and attorneys' fees.

VI.  SECOND CLAIM FOR RELIEF
(Violations of Wis. Stat. Chapter 427)

27. Plaintiff realleges paragraphs 1-26 above.

28. Wis. Stat. § 427.104(h) prohibits a debt collector from engaging in conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

29. Wis. Stat. § 427.104(l) prohibits a debt collector from taking action against the customer unless like action is taken in its regular course of business.

30. As described above, defendant's actions violated the above prohibitions.

31. As a result of the defendant's illegal conduct, White has sustained emotional distress.

32. As a result of the above violations of Wis. Stat. Chapter 427, the defendant is liable to the plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against NCO for the following:

A. Declaratory judgment that NCO's conduct violated the FDCPA, and declaratory and injunctive relief for the defendant's violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Wis. Stat. § 425.304;

E. Emotional distress damages pursuant to Wis. Stat. § 427.105;

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308.

G. If the evidence supports such a finding at trial, punitive damages;

H. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all causes of action to which she is entitled.

Dated this __14th___ day of January, 2008.

By: /s/ Ivan J. Hannibal

Ivan J. Hannibal, SBN 1050360
P. Jeffrey Archibald, SBN 1006299
Archibald Consumer Law Office
1914 Monroe St.
Madison, WI 53711
Phone: 608-661-8855
Fax: 608-661-0067

ATTORNEYS FOR THE PLAINTIFF

6